IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-HC-2076-D

| | | |
|---|---|---|
| ABDUL RAMONT MCKOY, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| LEWIS GRAY, | ) | |
| | ) | |
| Respondent. | ) | |

Abdul Ramont McKoy, a state inmate, petitions the court for a writ of habeas corpus pursuant

to 28 U.S.C. § 2254 [D.E. 1].[1] On September 7, 2012, the court reviewed McKoy's petition pursuant

to Rule 4 of the Rules Governing Section 2254 Cases and allowed the petition to proceed [D.E. 3].

On November 8, 2012, respondent answered the petition [D.E. 8] and filed a motion for summary

judgment [D.E. 9]. Pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309, 310 (4th Cir. 1975) (per

curiam), the court notified McKoy about the motion for summary judgment, the consequences of

failing to respond, and the response deadline [D.E. 11]. On November 30, 2012, McKoy filed a

motion to dismiss for procedural default [D.E. 12]. McKoy did not otherwise respond to the motion

for summary judgment. As explained below, the court grants respondent's motion for summary

judgment [D.E. 9] and denies McKoy's motion [D.E. 12].

I.

On December 15, 2010, in the Superior Court of New Hanover County, McKoy pleaded

guilty to possession of controlled substance in jail, felony possession of cocaine, possession with

---

[1] The court substitutes petitioner's current custodian as respondent. <u>See</u> Fed. R. Civ. P.
25(d); Mem. Supp. Mot. Summ. J. [D.E. 10] 1 n.1.

intent to sell or deliver counterfeit controlled substance, and the sale or delivery of counterfeit controlled substance. [D.E. 10-2, 10-3] (plea transcript and criminal judgment); see Pet. [D.E. 1] 1. The court sentenced McKoy to consecutive terms of imprisonment of 15–18 months and 9–11 months, and activated a prior 6–8 month term of imprisonment for possession of heroin. [D.E. 10-3]. McKoy did not file a direct appeal. Cf. Pet. 2. On March 16, 2011, McKoy filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, which was dismissed without prejudice for failure to exhaust state remedies. McKoy v. Jones, et al., No. 5:11-HC-2049-FL, [D.E. 14] (E.D.N.C. Oct. 3, 2011) (unpublished).

McKoy thereafter filed a variety of post-conviction motions, all in New Hanover County Superior Court. On March 11, 2011, McKoy filed a "Motion to Discharge." [D.E. 10-6]. On August 12, 2011, McKoy filed a "Motion to Terminate," which the state court summarily dismissed on August 17, 2011. [D.E. 10-7, 10-8]. On May 26, 2011, McKoy filed a "Motion for Sentence Modification." [D.E. 10-9]. On June 8, 2011, McKoy filed a motion for appropriate relief ("MAR"), which the state court summarily denied on July 18, 2011. [D.E. 10-10, 10-11]; see Pet. 3. On November 17, 2011, McKoy filed a pro se certiorari petition in the North Carolina Court of Appeals, which dismissed the petition on December 5, 2011. [D.E. 10-12, 10-14].

On March 18, 2012, McKoy signed the instant habeas petition, and filed it in this court on March 21, 2012. McKoy asserts four grounds for relief, several of which are closely related: (1) he is being subjected to unlawful detention and false imprisonment because the name on all of his court documents is in all capital letters which is "not a living breathing man or woman" but "a corporation made up by the federal Government, which they registered in Puerto Rico"; (2) he is being subjected to false arrest, false detention, and due process violation, because the name "Abdul Ramont McKoy"

2

never appeared on any warrant or court document, and after being placed in custody he was never advised of his rights as required by Miranda, and never given a chance to contact a judge to ask for an appearance bond with all fees waived; (3) he is being subjected to false prosecution without jurisdiction because he "never broke any laws only statutes or codes;" and (4) he received ineffective assistance of counsel and was subjected to malicious prosecution because the public defender did not represent "Abdul R. McKoy" but only "ABDUL R. McKOY." Pet. 5–10.

## II.

Summary judgment is appropriate when, after reviewing the record taken as a whole, no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248–49, but "must come forward with specific facts showing that there is a genuine issue for trial," Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis removed) (quotation omitted). A trial court reviewing a motion for summary judgment should determine whether a genuine issue of material fact exists for trial. Anderson, 477 U.S. at 249. In making this determination, the court must view the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007).

A federal court cannot grant habeas relief in cases where a state court considered a claim on its merits unless (1) the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or (2)

3

the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in state court. 28 U.S.C. § 2254(d). A state court decision is "contrary to" Supreme Court precedent if it either "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite" to the Supreme Court's result. Williams v. Taylor, 529 U.S. 362, 405 (2000). A state court decision involves an "unreasonable application" of Supreme Court precedent "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." Id. at 407; see Nevada v. Jackson, 133 S. Ct. 1990 (2013) (per curiam); Metrish v. Lancaster, 133 S. Ct. 1781, 1788–92 (2013); Marshall v. Rodgers, 133 S. Ct. 1446, 1450–51 (2013) (per curiam); Parker v. Matthews, 132 S. Ct. 2148, 2151–56 (2012) (per curiam); Hardy v. Cross, 132 S. Ct. 490, 493–94 (2011) (per curiam); Bobby v. Dixon, 132 S. Ct. 26, 29–31 (2011) (per curiam); Cavazos v. Smith, 132 S. Ct. 2, 4–8 (2011) (per curiam); Renico v. Lett, 130 S. Ct. 1855, 1862 (2010).

> [Section 2254(d)] does not require that a state court cite to federal law in order for a federal court to determine whether the state court decision is an objectively reasonable one, nor does it require a federal habeas court to offer an independent opinion as to whether it believes, based upon its own reading of the controlling Supreme Court precedents, that the [petitioner's] constitutional rights were violated during the state court proceedings.

Bell v. Jarvis, 236 F.3d 149, 160 (4th Cir. 2000) (en banc). Moreover, a state court's factual determination is presumed correct, unless rebutted by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1); Sharpe v. Bell, 593 F.3d 372, 378 (4th Cir. 2010).

Congress intended the AEDPA standard to be difficult to meet. Harrington v. Richter, 131

4

S. Ct. 770, 786 (2011). "Section 2254(d) is part of the basic structure of federal habeas jurisdiction, designed to confirm that state courts are the principal forum for asserting constitutional challenges to state convictions." Id. at 787. In order to prevail in an action brought under section 2254(d), a petitioner must show that "there was no reasonable basis for the state court to deny relief." Id. at 784; see also DeCastro v. Branker, 642 F.3d 442, 449 (4th Cir.), cert. denied, 132 S. Ct. 818 (2011).

Under the doctrine of procedural default, a federal court generally is precluded from reviewing the merits of any claim that the state court found to be procedurally barred based on independent and adequate state grounds. See, e.g., Dretke v. Haley, 541 U.S. 386, 392 (2004); Daniels v. Lee, 316 F.3d 477, 487 (4th Cir. 2003). The doctrine also applies "when a state court . . . discusses the claim on its merits, e.g., in conducting a plain error review having found a procedural default." Daniels, 316 F.3d at 487. A state rule is "adequate" if it is firmly established and consistently applied by the state court. See Johnson v. Mississippi, 486 U.S. 578, 587 (1988); McCarver v. Lee, 221 F.3d 583, 588 (4th Cir. 2000). A state rule is "independent" if it does not depend upon a federal constitutional ruling. See, e.g., Ake v. Oklahoma, 470 U.S. 68, 75 (1985).

However, a federal court may review a procedurally-defaulted claim if the petitioner demonstrates cause and prejudice resulting from the alleged violation of federal law, or if the petitioner shows that the failure to consider the federal claim will result in a fundamental miscarriage of justice. See, e.g., Coleman v. Thompson, 501 U.S. 722, 750 (1991). A petitioner shows cause by establishing that something external to him prevented him from complying with the state procedural rule. Id. at 753. To show prejudice, a petitioner must show he was actually prejudiced as a result of the alleged violation of federal law. See, e.g., United States v. Frady, 456 U.S. 152, 167–68 (1982).

5

First, the court examines McKoy's claims that rely on the use of capitalized letters to spell his name in the criminal proceedings against him. The claims are frivolous and are denied. See, e.g., Daniels v. N.C. Dep't of Prisons, No. 5:11-HC-2007-FL, 2012 WL 255408, at *3 (E.D.N.C. Jan. 27, 2012) (unpublished); United States v. Blackburn, No. 09-20133, 2010 WL 5185390, at *3–4 (D. Kan. Dec. 15, 2010) (unpublished) (collecting cases) ("[U]se of all upper case letters or a mixture of upper and lower case letters is not relevant to the question of jurisdiction, nor will it render an indictment inapplicable."); United States v. Delatorre, No. 03 CR 90, 2008 WL 312647, at *2 (N.D. Ill. Jan. 30, 2008) (unpublished) (same); United States v. Mitchell, 405 F. Supp. 2d 602, 604 (D. Md. 2005) (same).

Moreover, a claim alleging defects in a state-court indictment is "not ordinarily a basis of federal habeas corpus relief unless the deficiency makes the trial so egregiously unfair as to amount to a deprivation of the defendant's right to due process." Ashford v. Edwards, 780 F.2d 405, 407 (4th Cir. 1985). A pleading defect in an indictment does not constitute a jurisdictional defect. See United States v. Cotton, 535 U.S. 625, 630–31 (2002). Furthermore, a guilty plea waives non-jurisdictional defects. See Tollett v. Henderson, 411 U.S. 258, 267 (1973). McKoy waived any defect in the indictment by pleading guilty.

As for McKoy's "claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea"—that he was never advised of his rights as required by Miranda, and never given a chance to contact a judge to ask for an appearance bond with all fees waived—McKoy's guilty plea precludes habeas review of these claims. See id.; see also United States v. McClain, No. 12-4895, 2013 WL 1308279, at *2 (4th Cir. Apr. 2, 2013) (per curiam) (unpublished) (dismissing claim asserting "right to a reasonable bond" in light of guilty plea); United

6

States v. Tucker, No. 11-2641, 2013 WL 264567, at *3 (3d Cir. Jan. 24, 2013) (unpublished) (defendant's guilty plea constitutes a "waiver of pre-trial claims that police illegally seized evidence or elicited inculpatory testimony without first administering Miranda warnings"); United States v. Dennis, 496 F. App'x 268, 270 (4th Cir. 2012) (per curiam) (unpublished) (dismissing Miranda claim in light of guilty plea).

Finally, McKoy asserts a claim of ineffective assistance of counsel. The Sixth Amendment right to counsel includes the right to the effective assistance of counsel at trial and on direct appeal. See Lafler v. Cooper, 132 S. Ct. 1376, 1385 (2012); Bobby v. Van Hook, 558 U.S. 4, 6 (2009) (per curiam); Strickland v. Washington, 466 U.S. 668, 686 (1984). To prevail on a claim of ineffective assistance of trial counsel, a habeas petitioner must establish two things. First, a petitioner must show that the counsel's performance was deficient in that it was objectively unreasonable under prevailing professional norms. See Van Hook, 558 U.S. at 7; Strickland, 466 U.S. at 687–91. In reviewing this element, a court must be "highly deferential" of counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. Therefore, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id.; Gray v. Branker, 529 F.3d 220, 228–29 (4th Cir. 2008). Second, a petitioner must show there is a "reasonable probability" that, but for the deficiency, the outcome of the proceeding would have been different. Strickland, 466 U.S. at 694.

Where, as here, the petitioner entered a guilty plea, "in order to satisfy the 'prejudice' requirement, the [petitioner] must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). "Moreover, to obtain relief on this type of claim, a petitioner must convince

7

the court that a decision to reject the plea bargain would have been rational under the circumstances." Padilla v. Kentucky, 130 S. Ct. 1473, 1485 (2010). The court must make an objective assessment of "the likely outcome of a trial had the defendant not pleaded guilty." Meyer v. Branker, 506 F.3d 358, 369 (4th Cir. 2007).

McKoy has offered nothing to suggest that the outcome of a trial would have been materially different. Likewise, he has not shown that the MAR court's ruling on this issue reached a result contrary to, or involved an unreasonable application of, clearly established federal law. See Padilla, 130 S. Ct. at 1485; Hill, 474 U.S. at 59; Blackledge v. Allison, 431 U.S. 63, 73–74 (1977); Meyer, 506 F.3d at 369. Likewise, the state court's ruling was not based on an unreasonable determination of facts, in light of the evidence presented in the state-court proceeding. See 28 U.S.C. § 2254(d)–(e). Thus, the claim fails.

As for McKoy's motion to dismiss for procedural default [D.E. 12], McKoy asserts that respondent answered the petition "3 or 4 days" after the deadline ordered by the court, and that as a result respondent is in default and his motion for summary judgment should be denied. Mot. Dismiss 1. Contrary to McKoy's assertion, respondent's answer and motion for summary judgment were timely. On October 19, 2012, the clerk served respondent with the petition and directed respondent to answer within forty days thereafter, on or before November 28, 2012. [D.E. 7]; see, e.g., Rules 4–5 of the Rules Governing Section 2254 Proceedings (providing that a respondent is not required to answer a petition until the court orders it, and that the court sets the time for respondent's answer). Therefore, respondent's answer and motion for summary judgment, filed on November 8, 2012, were timely.

Even if respondent's answer and motion were "3 or 4 days" late as McKoy contends, the

8

length of the delay is negligible, and the potential impact on the judicial proceedings—entering default judgment against defendants—runs counter to the Fourth Circuit's "longstanding policy in favor of merits-based adjudication." Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc., 616 F.3d 413, 417 n.3 (4th Cir. 2010). Therefore, the court denies petitioner's motion.

## III.

In sum, the court DENIES petitioner's motion [D.E. 12], GRANTS respondent's motion for summary judgment [D.E. 9], and DISMISSES McKoy's application for a writ of habeas corpus [D.E. 1]. The court also DENIES a certificate of appealability. See 28 U.S.C. § 2253(c). The clerk shall close this case.

SO ORDERED. This 12 day of June 2013.

JAMES C. DEVER III
Chief United States District Judge

9